IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD FREEMAN, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| THOMAS LEVAN, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF DELAWARE, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | NO. 02-3721 |

REPORT AND RECOMMENDATION

CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

Currently before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, by a prisoner incarcerated in the State Correctional Institution at Dallas, Pennsylvania.  For the reasons that follow, it is recommended that the Petition be denied and dismissed without prejudice.

I.  PROCEDURAL HISTORY

At an October 29, 1997 bench trial, petitioner was convicted of various sexual offenses under 18 Pa.C.S.A. § 3121, § 3123, and § 3122.1.  Petitioner was initially sentenced on July 27, 1998, but later received a sentence of twenty to forty years imprisonment at a resentencing hearing held on November 4, 1998.  Subsequently, petitioner filed post-sentence motions which the trial court denied on December 23, 1998.

After first making an untimely appeal, petitioner filed a <u>nunc</u> <u>pro</u> <u>tunc</u> appeal on June 25, 1999.  With his direct appeal pending, petitioner filed various motions under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, <u>et</u> <u>seq</u>., on May 22, 2000, August 18, 2000, and October 11, 2001.  Each PCRA action, however, was dismissed without prejudice because petitioner's direct appeal was still pending.    On December 27, 2001, petitioner's direct appeal was dismissed for failure to comply with Pa.R.A.P. 3517.[1]

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus on May 20, 2002, alleging the following claims:

1.  Inconsistency in identification in that police were looking for a red-haired suspect when petitioner does not have red hair;

2.  Ineffective assistance of counsel for not pursuing medical evidence or seeking expert consultation to counter medical testimony;

3.  Ineffective assistance of counsel for allowing expert testimony about random DNA matches without submitting the expert's methods to the <u>Frye</u> test;

4.  Ineffective assistance of counsel for failing to brief the issues for the benefit of the petitioner at the pretrial stage.

We now turn to a discussion of the issues before us.

---

[1] Pa.R.A.P. 3517 states that "[w]henever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal.  Failure to file a docketing statement may result in dismissal of the appeal."

II.  FAILURE TO EXHAUST STATE COURT REMEDIES

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254 (c); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  While exhaustion does not require state prisoners to "invoke extraordinary remedies," they must give the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 844.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts.  Consequently, the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise, they risk depriving the state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1983).

Respondent, in the case at bar, argues that the claims presented in petitioner's habeas action have never previously been raised before the state courts and are thereby unexhausted for purposes of habeas review. Upon review, this Court finds that this argument has merit. Petitioner did not raise any claims similar to those in his habeas petition on direct appeal. While some of the issues petitioner raised in his PCRA petitions may loosely resemble those in his habeas petition, all of petitioner's PCRA actions were dismissed without prejudice because petitioner filed the actions while his direct appeal was still pending. As such, petitioner has never properly raised the issues in his habeas petition before the state courts. The claims, then, remain unexhausted for purposes of federal habeas review.

One avenue of relief, however, remains for petitioner. According to the PCRA, a person has one year from the date a conviction becomes final to file an action for post-conviction relief. 42 Pa.C.S.A. § 9545(b)(1). A conviction becomes final "at the conclusion of direct review, including discretionary review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). In the instant case, the Pennsylvania Superior Court denied petitioner's appeal on December 27, 2001. His conviction became final on January 28, 2002, when the thirty day period for petitioning the Pennsylvania Supreme Court for allocatur expired. See Commonwealth v. Murray, 753 A.2d 201, 203

(Pa. 2000).  Accordingly, petitioner has one year from January 28, 2002, that is until January 28, 2003, to seek collateral review of his unexhausted claims by way of a PCRA petition.  Upon exhausting his claims in the state courts, he may then return to this Court to file a timely habeas corpus petition.

As petitioner has yet to fairly present any of his habeas claims to the state courts, we must dismiss the petition to assure that the state courts receive the first opportunity to address petitioner's claims.  Because this dismissal is without prejudice, however, it does not preclude petitioner from returning to this Court again to seek review of his claims.  Rather, it merely mandates that, before he does so, he ensure exhaust all of his habeas claims in the state courts.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this                          day of July, 2002, IT IS
RESPECTFULLY  RECOMMENDED  that  the  Petition  for  Writ  of  Habeas
Corpus  be  DENIED  AND  DISMISSED  WITHOUT  PREJUDICE.    There  is  no
probable  cause  to  issue  a  certificate  of  appealability.


_____
                CHARLES B. SMITH
        UNITED STATES MAGISTRATE JUDGE